IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN COFIELD     *

    v.     *    Civil No. CCB-12-1178

FEDERAL BUREAU OF PRISONS, *et al*.     *

        ***

MEMORANDUM

According to the facts set out in this 28 U.S.C. § 2241 petition for writ of habeas corpus, petitioner, who filed this action while confined at the Federal Correctional Institution in Fairton, New Jersey, was convicted on one count of theft in the Circuit Court for Baltimore County, Maryland in December of 2011. He challenges that sentence, which was imposed by Baltimore County Circuit Court Judge Turnbull, along with the state detainer lodged with the U.S. Bureau of Prisons related to that conviction.

Petitioner contends that the sentence, commitment record, and detainer issued by the circuit court are illegal and invalid because neither the judgment nor the commitment contain the signature of the sentencing judge as required under federal and state laws.[1] He also contends the Clerk had no authority to issue the detainer warrant under state law. ECF No. 1; ECF No. 9 at p. 3 & Ex. E. He argues that he should be released from the sentence. *Id.*

Petitioner has filed a "motion for summary judgment." ECF No. 9. Respondents have filed a show cause response to the petition and response to the motion for summary judgment, maintaining that the case should be dismissed for petitioner's failure to exhaust his state court judicial remedies. ECF No. 12. Petitioner subsequently filed a motion to dismiss the Maryland Division of Correction

---

[1] Petitioner cites to Fed. R. Crim. P. 32(k)(1), which states that "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must

as a defendant (ECF No. 18), a motion to amend (ECF No. 20), and a supplemental motion for summary judgment (ECF No. 22).

Review of this matter need not become complicated. Petitioner raises a direct attack on all things related to his state conviction, complaining that it is invalid. According to the record, on December 7, 2011, the Circuit Court for Baltimore County imposed a ten-year sentence on Cofield for his conviction of theft. The sentence was to commence on April 5, 2011. ECF No. 9, Ex. A. The Baltimore County Department of Corrections lodged a detainer with federal authorities for petitioner's custody. ECF No. 9, Ex. D.

Petitioner filed an appeal of his conviction on December 13, 2011.[2] He later sought to withdraw his appeal and filed a petition for writ of habeas corpus and several post-conviction motions with the circuit court, seeking modification or reduction of sentence, an appeal bond, and review by a three-judge panel. ECF No. 12, Ex. 1; *see also State v. Cofield*, Case No. 03K10003013 (Cir. Ct. for Balt. Co.).[3]

Generally, a habeas petitioner seeking § 2241 relief is required to exhaust state remedies. *See Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). Based upon the record before the court, the undersigned concludes that petitioner has failed to exhaust all available state court remedies to attack the detainer warrant.[4] To the extent petitioner also is raising a direct attack on the theft conviction, his petition may alternatively be construed as one filed under 28 U.S.C. § 2254.[5] Exhaustion is also required under § 2254. *See Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir.

---

enter it."

[2] While petitioner argues that he has exhausted his remedies, it remains unclear what issues were raised in his appeal and whether he has abandoned his appeal, leaving his claims procedurally defaulted.

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[4] As the detainer warrant was executed and satisfied, any direct attack on its validity has become moot. *See Noorlander v. U.S. Atty. Gen.*, 465 F.2d 1106, 1109 (8th Cir. 1972).

[5] A prisoner may apply for habeas relief under § 2254 only when the habeas applicant is in custody "pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a).

1986). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999); 28 U.S.C. § 2254(b)-(c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).[6] The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan*, 526 U.S. at 845, 847.

For the aforementioned reasons, petitioner's original motion and supplemental motion for summary judgment and motions to dismiss/amend shall be denied and the petition shall be dismissed without prejudice.[7] A separate Order shall be entered following the reasoning of this Memorandum.

Date:   December 11, 2012                                /s/
                                              Catherine C. Blake
                                              United States District Judge

---

[6] The requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

[7] Petitioner is reminded that there is a one-year statute of limitation applicable to the filing of habeas corpus challenges to state convictions under 28 U.S.C. § 2254.